UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| GARY AND PATRICE SCHNECK, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO.: _____ |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a) and shows as follows:

### I.     INTRODUCTION

1. This is an insurance coverage and bad faith case. On February 7, 2023, Plaintiffs filed their Original Petition in Cause No. 82666C in the 251st Judicial District Court, Randall County, Texas, initiating a civil cause of action against State Farm Lloyds. Exhibit C.

2. Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiffs and Defendant State Farm Lloyds.

3. Plaintiffs allege multiple causes of action against Defendant related to State Farm's handling of a property insurance claim submitted by Plaintiffs. Plaintiffs allege breach of contract; and non-compliance with Chapters 541 and 542 of the Texas Insurance Code.

4. State Farm received the Citation and Plaintiffs' Original Petition via certified mail, on or about February 17, 2023. Exhibit D. State Farm filed its Original Answer to Plaintiffs' Original Petition on March 10, 2023. Exhibit E.

5. State Farm now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the Randall County state court in which this case was previously pending.

## II. GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the viable parties involved are citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

### A. Complete Diversity Exists Between the Viable Parties.

7. According to Plaintiffs' Original Petition, at the time this action was commenced, Plaintiff was, and still is, domiciled in Randall County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence…is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiffs are Texas citizens.

8. State Farm is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens of Illinois for diversity purposes. The current underwriters for State Farm Lloyds are:

- Mark Edward Schwamberger: Mr. Schwamberger is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling: Ms. Sterling is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Deon Sherie Johnson: Ms. Johnson is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Justin Michael Tipsord: Mr. Tipsord is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Sara Gay Frankowiak: Ms. Frankowiak is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Craig Dean Isaacs: Mr. Isaacs is domiciled in Illinois. His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michele Celeste Russo: Ms. Russo is domiciled in Illinois. Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

Thus, for purposes of diversity of citizenship, State Farm is a citizen of Illinois, not a Texas citizen. *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Exhibit F.

9. Relying on Plaintiffs' pleaded facts without any admission as to their truth, Plaintiffs plead that they are the named insured under a State Farm homeowner's insurance policy. Exhibit C, ¶ 7. Plaintiffs plead that they suffered damages to their residential property from a storm. *Id*. at ¶ 8. And Plaintiffs plead that they submitted an insurance claim to State Farm for this alleged damage. *Id.* ¶ 9.

### B. The Amount in Controversy Exceeds $75,000.

10. Additionally, the claims asserted by Plaintiffs exceed $75,000. Plaintiffs specifically pleaded that they "seek only monetary damages of between $100,000 and $200,000, independent of attorney's fees." Exhibit C, ¶ 6. Plaintiffs seek actual damages, attorney's fees, and extra-contractual damages including treble damages under the Texas Insurance Code. Id. at ¶ 21. As such, a jury could award damages greater than $75,000 in this case; and therefore, the amount in controversy exceeds $75,000 for purposes of diversity jurisdiction.

### III. VENUE

11. Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action was pending, the 251st Judicial District Court, Randall County, Texas, and a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in that district.

### IV. PROCEDURAL REQUIREMENTS

12. Pursuant to 28 U.S.C. § 1446(a), the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the State Court Action |
| C. | Plaintiffs' Original Petition Filed on February 7, 2023 |
| D. | Citation to State Farm and return of service filed with the court on February 23, 2023 |
| E. | State Farm's Answer to Plaintiffs' Original Petition Filed on March 10, 2023 |
| F. | Affidavit of Weslie Sawyer |
| G. | List of Counsel of Record |

13. This Notice of Removal is being filed within 30 days of service of the citation and Plaintiffs' Original Petition and is thus timely filed under 28 U.S.C. §1446(b). There exists an actual and justiciable controversy between Plaintiffs and State Farm with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

14. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 251st Judicial District Court, Randall County, Texas promptly after filing of same.

## V.   CONCLUSION

17.     State Farm respectfully requests that the above-captioned action now pending in the 251st Judicial District Court, Randall County, Texas, be removed to the United States District Court for the Northern District of Texas, Amarillo Division.

          Respectfully Submitted,

          */s/ Susan E. Egeland*
          SUSAN E. EGELAND
          ATTORNEY-IN-CHARGE
          State Bar No. 24040854
          susan.egeland@faegredrinker.com
          MATTHEW C. SAPP
          State Bar No. 24063563
          matt.sapp@faegredrinker.com
          RACHEL R. MCGOVERN
          PA State Bar No. 330735
          rachel.mcgovern@faegredrinker.com
          FAEGRE DRINKER BIDDLE & REATH LLP
          1717 Main Street, Suite 5400
          Dallas, Texas 75201
          (469) 357-2500 (Telephone)
          (469) 327-0860 (Fax)

          **ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the Federal Rules of Civil Procedure on March 16, 2023.

                                */s/ Susan E. Egeland*
                                SUSAN E. EGELAND